IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-205-FL-1
NO. 5:10-CR-205-FL-2

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>LOC HUU BUI, a/k/a "Lance" Bui, and )<br>NGHI HUU BUI, a/k/a "Anthony" Bui, )<br>)<br>Defendants. ) | INTERIM<br>SENTENCING OPINION |

This matter is before the court on its own initiative to memorialize the calculation of defendants' advisory guidelines range, as determined at hearing held August 1, 2011. Although a final determination of defendants' sentences and restitution owed has been postponed pending further hearing, it is hoped that this interim sentencing opinion will streamline such further proceedings by removing a number of issues from discussion.

## BACKGROUND

On November 9, 2010, defendants pleaded guilty to a criminal information charging them with (1) conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and (2) aggravated identity theft, in violation of 18 U.S.C. § 1028A. Defendants appeared before the court for sentencing on August 1, 2011. The court determined that the most efficient course was to take up defendants' objections to their presentence investigation reports ("PSRs") jointly, where their offense conduct was identical and many objections overlapped. After resolving these objections, the court provided notice of its intent to upwardly depart under the guidelines. The court then continued the sentencing hearing to permit additional argument on restitution and 18 U.S.C. § 3553(a).

## DISCUSSION

A.  Relevant Standard

Pursuant to statute, the United States Sentencing Commission has promulgated guidelines to cabin the court's discretion in sentencing. See 28 U.S.C. § 994. But these guidelines, once mandatory, are now effectively advisory. See United States v. Booker, 543 U.S. 220, 245 (2005). Nevertheless, the guidelines remain an integral component of sentencing, as the court must begin its sentencing consideration by correctly calculating the applicable guidelines range. United States v. Abu Ali, 528 F.3d 210, 260 (4th Cir. 2008) (citing Gall v. United States, 552 U.S. 38, 49 (2007)). The court "find[s] facts relevant to determining [the] Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized . . . ." United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008).

B.  Analysis

The court began its calculation of the advisory guidelines range by confirming the range suggested by the probation office in the PSR. An initial offense level of 25 was proposed for each defendant under U.S.S.G. §§ 2X1.1(a) and 2B1.1, based upon (1) a base offense level of 7 under § 2B1.1(a)(1), (2) an increase of 14 levels for an intended loss between $400,000.00 and $1,000,000.00 pursuant to § 2B1.1(b)(1)(H), (3) an increase of 2 levels where ten or more victims were involved under § 2B1.1(b)(2)(A), and (4) an increase of 2 levels for possession or use of any device-making equipment, the production of an unauthorized or counterfeit access device, or the possession of five or more means of identification unlawfully obtained under § 2B1.1(b)(10). The probation office recommended a 3-level downward adjustment for acceptance of responsibility for each defendant under § 3E1.1(b), which was the government confirmed it also sought.

As a result of this offense level of 22, the guidelines range for defendant Loc Huu Bui ("Loc Bui"), in criminal history category IV by dint of 8 criminal points, was suggested by the probation office to be a term of imprisonment of 63 to 78 months on count one, with a mandatory two-year term of imprisonment on count two pursuant to statute. For defendant Nghi Huu Bui ("Nghi Bui"), placed in criminal history category III based on only 4 criminal history points, the suggested guidelines range on count one was a term of imprisonment of 51 to 63 months, with the same two-year consecutive term on count two mandated by statute.[1]

After establishing the advice of the guidelines as proposed by the probation office, the court proceeded to address defendants' objections. During the hearing, the court first addressed the factual objections and then proceeded to address a number of guidelines objections. Some of these objections were shared by both defendants, while others were relevant only to one of the two. The court fears this may have been confusing to counsel, so this written order provides an alternative ordering: shared objections will be addressed first, followed by objections pertinent only to defendant Loc Bui, and concluding with objections pertinent only to defendant Nghi Bui.

1. Defendants' Shared Objections

Defendants objected to the probation office's inclusion of information at ¶¶ 5 and 6 of the PSRs regarding the use of a video camera during the conspiracy. This part of the probation office's discussion of relevant conduct was based upon an investigative report prepared by the Cary Police Department. After the government agreed that the information was incorrect, and that no camera

---

[1] The court further noted that the statutory maximum on count one for both defendants was a term of imprisonment not greater than 30 years; that a supervised release term of up to five years was appropriate for count one and up to one year for count two; and that the statutory fine could be as much as $1,000,000.00 on count one and $250,000.00 on count two, although the Guidelines recommended a total fine of $7,500.00 to $1,000,000.00.

had been used during the commission of the offense, defendants' objection was sustained. This objection had no impact on the advisory guidelines range.

Defendants also jointly objected to the probation office's calculation of the amount of loss, based on information contained at ¶¶ 8, 9, 11, and 43 of defendant Loc Bui's PSR and ¶¶ 8, 9, 11, and 54 of defendant Nghi Bui's PSR. The probation office calculated the intended loss as $711,000.00, based upon 1,422 credit and debit cards and a loss of $500.00 per access device. Contesting this amount, defendants argued that they intended only to obtain debit card information and to use this information to withdraw cash from ATMs. As such, they argue that any credit card information should not be used to calculate loss, and that only debit cards for which there is evidence of actual charges are relevant under § 2B1.1, application note 3(F)(i). Based on this argument, defendants sought to hold the loss amount to $116,000.00, based upon 232 re-encoded debit cards recovered, at $500.00 per card.

The court overruled this objection. The guidelines require that the court calculate loss as $500 per "access device," unless actual unauthorized charges exceed this amount. See U.S.S.G. § 2B1.1 app. n. 3(F)(i). Despite defendants' argument to the contrary, "the plain language [of the relevant application note] sets a floor for calculating the loss attributable to each device, namely $500; it does not limit loss calculations to devices actually used." See United States v. Gilmore, No. 10-5055, 2011 WL 2623676, at *3 (6th Cir. July 6, 2011) (unpublished) (citing United States v. Dodson, 357 F. App'x 324, 325 (2d Cir. 2009)). Similarly, defendants' argument that the term "unauthorized access device" refers only to a physical, re-encoded credit or debit card is without merit. Each stolen account number unlawfully recorded and maintained by defendants was an "unauthorized access device" as defined by § 2B1.1 application note 9(A). See 18 U.S.C.

4

§ 1029(e)(2) (defining "unauthorized access device" to include "any access device that is . . . stolen"); id. § 1029(e)(1) (defining "access device" to include "any card . . . [or] account number"). The plea agreement contains a stipulation that 1,422 credit/debit card numbers were stolen, and loss was appropriately calculated by multiplying this number by $500.00, resulting in the figure of $711,000.00 proposed by the probation office.

Despite the court's ruling, defendants continued with this objection to loss amount under § 2X1.1. They argued that, because the court found the intended loss to be calculated using the 1,422 debit/credit card numbers, three levels should be removed under § 2X1.1(b)(2) because they did not "complete" the acts necessary to use each of the cards. After hearing testimony from Special Agent William Pitcher of the Secret Service, including testimony that defendants encoded some of the stolen credit card numbers of gift cards and that a stolen credit card number need not be encoded to actually "use" it to make a purchase, the court overruled the objection. As the Fourth Circuit has noted, in applying § 2X1.1(b)(2), "there is a distinction between completing a fraud, on the one hand, and inflicting all the loss that one intended to inflict by means of that fraud, on the other." United States v. Tohotcheu, 299 F. App'x 262, 267 (4th Cir. 2008) (unpublished) (quoting United States v. Williams, 81 F.3d 1321, 1327 (4th Cir. 1996)). Here defendants had performed all acts necessary to complete the fraud.

The court next addressed defendants' joint objection to a two-level enhancement under U.S.S.G. § 2B1.1(b)(10). Defendants argued that this enhancement would amount to double-counting in violation of application note 2 of § 2B1.6, relying on United States v. Wallace, 403 F. App'x 866 (4th Cir. 2010) (unpublished) and United States v. Taylor, 374 F. App'x 392 (4th Cir. 2010) (unpublished). Although, in retrospect, it appears that the probation office may have been

5

correct that an enhancement under § 2B1.1(b)(10) for possession of *device-making equipment*, as opposed to fraudulent means of identification, is not subject to the double-counting problem identified by § 2B1.6, see, e.g., United States v. Sharapka, 526 F.3d 58, 62 (1st Cir. 2008), the burden is on the government to prove an enhancement is warranted by a preponderance of the evidence. The government offered no evidence or argument with regard to defendants' double-counting contention, and the court was compelled to sustain the objection. Thus, two points were removed from the offense level suggested by the probation office for each defendant.

2. Defendant Loc Bui's Objections

Defendant Loc Bui first objected to ¶ 16 of his report, regarding the sale of a firearm and his membership in a Vietnamese street gang. Counsel did not wish to be heard further on the facts underlying this objection, simply noting that he anticipated making an argument regarding over-representation of criminal history as a basis for downward departure. Although that downward departure request was separately addressed and decided, as set forth in more detail below, it appears the factual objection specifically regarding ¶ 16 may not have been finally adjudicated. To the extent that this objection remains pending, it is overruled in light of the probation office's response.

Defendant Loc Bui's next objection was to the multiple scoring of the convictions for possession of a silencer at ¶ 15 and ¶ 16 of his PSR. The former was adjudicated in California state court by a plea of guilty on October 10, 2000; the latter was adjudicated in Texas federal court by plea of guilty on December 15, 2000, with a consecutive sentence to the state court charge. Defendant argued that, because these sentences were imposed for the same underlying conduct, scoring them both resulted in an over-representation of criminal history. The court declined to depart downward, noting that defendant's criminal history was properly calculated under § 4A1.2.

6

Although the court recognizes its authority to depart, it has declined to exercise its authority to do so in this case. See, e.g., United States v. Backus, 406 F. App'x 692, 693 (4th Cir. 2010) (unpublished) (citing United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008)). Nevertheless, the court recommended that counsel for defendant Loc Bui return to this argument in seeking a downward variance under § 3553 at the appropriate time.

Defendant Loc Bui also argued there were not ten victims involved, as required for a 2-level enhancement under U.S.S.G. § 2B1.1(b)(2)(A). Counsel noted that some fraudulent charges were reported after defendants' arrest, and argued that some of the debit or credit card information could have been "skimmed" by other individuals who were not members of the instant conspiracy. The government noted that it had evidence that defendants themselves may have been victims of "hacking," but argued that they were ultimately responsible for the loss to the victims whose numbers were stolen from defendants, and proffered that there were at least ten victims. Accordingly, the court overruled this objection.[2]

3. Defendant Nghi Bui's Objections

Defendant Nghi Bui objected to information regarding the purchase of electronic components, found at ¶ 6 of his report. His counsel indicated that this objection was submitted simply to make the nature of his role in the offense clear, and that he did not deny responsibility for his role in the conspiracy. Based upon the probation office's response and the argument of counsel for the government, the court overruled defendant Nghi Bui's objection, but reaffirmed for counsel that the court was aware that, although the sentencing hearing was proceeding with both defendants

---

[2] Defendant Loc Bui did not press his objection regarding the sale of skimming devices to unindicted coconspirators. Where this defendant did not seek to advance this argument, and in light of the probation office's response, the court will overrule the objection to the extent counsel would still seek consideration of it.

7

present, it was sentencing two separate defendants and that each would be considered individually based upon their respective roles in the conspiracy.

At the hearing, defendant Nghi Bui also contended that the information relating to his conviction for making, passing, and uttering fictitious instruments and second-degree burglary, found at ¶ 15 of his PSR, was incorrect. (This objection was not raised in the addendum to the PSR.) The PSR indicated that defendant pleaded guilty in 2000, and was sentenced to 3 years probation and 8 days in custody, respectively, on the two counts. Defendant was adamant that this conviction occurred in 2002 rather than 2000, and that he was sentenced to one year of probation (rather than three), plus 8 days in custody. Defendant was prepared to testify or proffer his account, but in the interest of efficiency the court accepted the arguments of counsel and sustained the objection. No change to the criminal history calculation was warranted.[3]

4. Resulting Advisory Guidelines Range

Based on the court's resolution of defendants' objections, the court has calculated defendants' starting offense level as 23, with 3 points off for acceptance of responsibility under § 3E1.1(b) resulting in an adjusted offense level of 20. No changes to defendants' respective criminal history categories are warranted. Accordingly, defendant Loc Bui's advisory guidelines range is 51 to 63 months on count one, with a two-year consecutive sentence on count two. Defendant Nghi Bui's advisory guidelines range is 41 to 51 months, with a two-year consecutive sentence on count two as well. The suggested guidelines fine remains $7,500.00 to $1,000,000.00 under U.S.S.G. § 5E1.2(c)(3) and (4).

---

[3] Defendant Nghi Bui did not raise his objection regarding ¶ 20 of his PSR, which appears to the court to be a separate issue. Where this defendant did not seek to advance this argument, and in light of the probation office's response, the court will overrule the objection to the extent counsel would still seek consideration of it.

After stating this new advisory guidelines range, the court indicated that it was considering an upward departure for under-represented criminal history under § 4A1.3.[4] The court put defendants on notice that it believed that the seriousness of their criminal history and the likelihood of recidivism was not fully captured by a criminal history category of IV for defendant Loc Bui and a criminal history category of III for Nghi Bui. Consistent with its intent to give defendants an additional month to submit any materials that would be helpful in considering the extent of this upward departure, or indeed if such a departure is truly warranted, the court hereby directs any additional submission to be filed no later than **September 1, 2011.**

The upward departure issue is the only "guidelines" issue remaining for decision. As indicated at hearing, all objections have now been adjudicated and the court is not inclined to reopen argument on these issues. The court did leave open the issue of restitution, with the assumption that the Assistant United States Attorney and Probation Officer responsible for these cases, who were absent from the initial hearing, will be able to shed some light on this issue, which also shall be subject to additional briefing, again due **September 1, 2011**.

Finally, although the court has correctly set the advisory guidelines range, still open for consideration is the court's individualized consideration of an appropriate sentence based on the factors set forth in 18 U.S.C. § 3553, which must be sufficient but not greater than necessary to accomplish the goals of sentencing. See Abu Ali, 528 F.3d at 260. Here, too, argument from the Assistant United States Attorney assigned to this case will be beneficial to the court.

---

[4] The court noted that defendants came to this country as refugees, that they were supported by members of their community and church as well as the taxpayers through their receipt of public welfare, and that they took advantage of those individuals at every turn by repeatedly engaging in fraud. The court noted similar conduct spanning a period of years, undermining the financial system and increasing the costs of legitimately borrowing money. In addition to an upward departure under U.S.S.G. § 4A1.3, counsel should reflect upon how these facts influence consideration of an appropriate sentence under 18 U.S.C. § 3553.

## CONCLUSION

For the reasons given above, the court calculated defendant Loc Bui's advisory guidelines range as 51 to 63 months on count one, with a two-year consecutive sentence on count two, and defendant Nghi Bui's advisory guidelines range as 41 to 51 months, also with a two-year consecutive sentence on count two. Although this aspect of the guidelines range is not open for reconsideration at further hearing, the court will hear argument from the parties regarding the possibility of an upward departure under § 4A1.3 and an appropriate sentence under § 3553(a). Finally, the court will also hear further argument regarding restitution. Any further briefing on these issues must be submitted by **September 1, 2011**. The Clerk will notice the date for the hearing necessary to resolve defendants' sentences, which shall be set for the next available date on the court's sentencing calendar, but in any event no later than October 30, 2011.

SO ORDERED, this the 17th day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge