IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-205-FL-1
No. 5:13-CV-258-FL

| | |
|---|---|
| LOC HUU BUI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This cause comes before the Court upon petitioner Loc Huu Bui's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to correct"). (DE-103). The government seeks to dismiss the motion to correct. (DE-108). Petitioner has responded to the government's motion (DE-113), and has also moved to amend both his response (DE-114) and his motion to correct (DE-115). The government has responded to Bui's motions to amend. (DE-116).[1] Accordingly, the motion to correct and the motion to dismiss are ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For the reasons set forth herein, it is

---

[1] As to petitioner's motions to amend his § 2255 motion and his response, (DEs 114 & 115), the court GRANTS the motions and has considered the amendments filed by petitioner (DEs 114 & 115) as well as petitioner's original memorandum. *See* 28 U.S.C. § 2242; *United States v. Pittman*, 209 F.3d 314, 316-17 (4th Cir. 2000); *McNair v. McCune*, 527 F.2d 874, 875 (4th Cir. 1975) (courts should interpret the efforts of a *pro se* petitioner liberally). Petitioner has additionally filed a reply brief (DE-117), which was not submitted within fourteen days of the government's response, as required by E.D.N.C. Local Rule 7.1(f). The undersigned has nonetheless reviewed the reply and notes that none of the arguments therein alter the below analysis.

RECOMMENDED that Bui's motion to correct [2] (DE-103) be DENIED and that the government's motion to dismiss (DE-108) be GRANTED.

## I. BACKGROUND

On November 9, 2011, Bui pled guilty pursuant to a written plea agreement to two counts of a criminal information, charging conspiracy to commit fraud in violation of 18 U.S.C. § 1349, and aggravated identity theft in violation of 18 U.S.C. § 1028A. Plea Agreement, DE-19; Arraignment Transcript, DE-94. At his arraignment, Bui testified that he had discussed his case with his attorney, that she had answered all of his questions, and that he was satisfied with her representation.[3] DE-94 at 12. He further testified that he had reviewed the plea agreement with his attorney and that he understood the meaning of the agreement, including the provision waiving his appellate rights ("appeal waiver"). *Id.* at 20. The presiding magistrate judge found that Bui's guilty plea was knowing, voluntary, and supported by an independent factual basis. *Id.* at 24.

In the plea agreement, Bui agreed, *inter alia*, to

> waive knowingly and expressly all rights, conferred by 18 U.S.C. § 2742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

---

[2] As incorporating the arguments set forward in Petitioner's motions to amend. (DEs 114 & 115).

[3] Ms. Little of the Federal Public Defender's office represented Mr. Bui at his arraignment and plea. DE-94 at 1. She later withdrew after becoming aware of a potential conflict of interest and was replaced by Mr. Morrison, who represented Mr. Bui at sentencing. DEs-33&34. Mr. Neyhart represented Mr. Bui in his appeal to the Fourth Circuit. DE-109-1. For clarity, these attorneys are referred to herein, respectively, as Mr. Bui's plea counsel, sentencing counsel, and appellate counsel.

Plea Agreement, DE-19 at ¶ 2(c). The plea agreement contained a provision erroneously describing the applicable penalty as, in addition to imprisonment, a maximum 3-year term of supervised release for Count One. *Id.* ¶ 3(a)(6). Likewise, at arraignment, the presiding magistrate judge informed Bui that the maximum punishment with regard to Count One included up to three years of supervised release. DE-94 at 14. At sentencing, the Court sentenced Bui to a 5 year term of supervised release on Count One, in addition to his total active sentence of 87 months for the counts of conviction. DE-97 at 21. Mr. Bui, via his attorney, pointed out that his plea agreement had listed his maximum term of supervised release as three years. *Id.* at 22. The Probation Officer present reported that the term of supervised release could be up to five years, such that the plea agreement was incorrect.[4] *Id.* at 23. The Court responded:

> Okay. Well I'll make my acceptance of the final [plea agreement] subject to this correction as to each; five years of supervised release. Now, that being said, if you pay back everything and show that you're performing very, very well, you know, maybe the probation office will bring that to my attention. And if I have the ability to shorten it, you know, in that case, I probably would. But I'm going to, in this judgment – and that's a good recollection, but apparently there was a mistake, and I don't have to be bound by that. So I'm going to follow the law and say five years.[5]

*Id.* At sentencing,[6] Bui's attorney argued that Bui's criminal history was overrepresented due to the scoring of both a state and federal conviction for the same underlying conduct.[7] DE-96 at 20,

---

[4] U.S.S.G. Manual § 5D1.2(a)(1) provides that for a Class A or B felony, the length of the supervised release term shall be "[a]t least two years but not more than five years."

[5] This was reflected on the docket sheet as an oral order, dated November 17, 2011. It is also noted that in the Court's August 18, 2011 interim sentencing opinion (DE-58), the Court specifically stated that a supervised release term of up to five years was appropriate. *Id.* at 3 n.1

[6] The original sentencing hearing was continued to allow the parties more time to address the issues of restitution and whether an upward departure for underrepresented criminal history was warranted. DE-96 at 57, 63.

[7] More specifically, two points were added to Bui's criminal history computation for a state conviction dated August 8, 2000, for possession of a silencer. PSR, DE-48, ¶ 15. Three additional points were imposed for a federal conviction dated September 9, 2000, for the same underlying factual conduct. *Id.* ¶ 16.

3

29-31; DE-97 at 18. The court found that the Guidelines were correctly applied, allowed counsel to argue for a variance, and ultimately rejected the argument. DE-96 at 31; DE-97 at 20.

Bui appealed to the United States Court of Appeals for the Fourth Circuit, arguing, *inter alia*, that the District Court violated Fed. R. Crim. P. 11(b)(1)(H) and 11(c)(5) in amending the plea agreement and failing to give Bui the opportunity to withdraw his plea. DE-109-1 at 12, 14-23. The Fourth Circuit rejected these arguments and affirmed Bui's convictions and sentence on July 12, 2012. *See United States v. Bui*, 479 F. App'x 545, 2012 WL 2856056 (4th Cir. Jul. 12, 2012) (unpublished); *see also* DE-99. Upon reviewing the record, the Fourth Circuit specifically concluded that Bui knowingly and voluntarily waived his right to appeal his sentence, including the reasonableness of his sentence. *Id.* In addition, the Fourth Circuit rejected Bui's argument that (a) his plea agreement was no longer effective and (b) the court committed plain error by failing to follow Rule 11(c)(5) upon sentencing Bui to 5, rather than 3, years of supervised release. *Id.* Specifically, the opinion held that Rule 11(c)(5) was not applicable to Bui's plea agreement, and that the supervised release term described in the agreement "did not contain an agreed-upon sentence within the meaning of Fed. R. Crim. P. 11(c)(1)(C)." *Id.* Bui appealed the Fourth Circuit's decision, and the Supreme Court denied certiorari. *Bui v. United States*, 133 S. Ct. 624 (Nov. 13, 2012).

Bui filed the instant timely motion to correct his sentence pursuant to 28 U.S.C. § 2255 on April 8, 2013. DE-103. In his original motion, Petitioner reprises his Fourth Circuit argument that the Court violated Rule 11 by imposing a 5-year term of supervised release rather than the 3-year term contemplated in his plea agreement. DE-107 at 2. In his amended response to the government's motion to dismiss, Petitioner alleges that, based on a recent Fourth Circuit case, his plea was not knowing and voluntary. DE-114 at 3. And in his motion to amend his §

4

2255 motion, Petitioner claims ineffective assistance of counsel on four separate grounds, as discussed in more detail below. The government asserts that Bui's original motion to correct fails to state a claim upon which relief may be granted, and that Bui's amended argument is futile and likewise fails to state a claim. DEs-109, 116.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (emphasis in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court in *Twombly* upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. *See Monroe v. City of Charlottesville, Va.*, 579 F.3d 380, 386 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1740, 176 L. Ed. 2d 214 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." *Simmons v. United Mortg. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir.2011) (internal quotations and citations omitted). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Monroe*, 579 F.3d at 385-86 (quotation marks and alteration marks omitted).

### B. 28 U.S.C. § 2255

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was

5

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). But "the scope of review of non-constitutional error is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* at 495-96.

The burden of proof is on the petitioner to establish his claim by a preponderance of the evidence. *See, e.g., Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 WL 4484447 at *5 (E.D.N.C. Oct. 25, 2010) (same).

### C.     Effect of Petitioner's Guilty Plea

A valid guilty plea constitutes admission of the material elements of the crime. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In *Tollett*, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court observed that "[t]he focus of federal habeas

6

inquiry is the nature of [defense counse's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id.* at 266-67. Thus, in a collateral attack, a petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. *Id.* Notably, statements made by a defendant during a hearing to accept a guilty plea are presumed to be truthful, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed. *United States v. Lemaster,* 403 F.3d 216, 221 (4th Cir. 2005). Accordingly, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.' " *Id.* at 221–22 (citation omitted).

### D. Ineffective Assistance of Counsel

To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

To establish prejudice in the context of a guilty plea, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have instead insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). With regard to prejudice at sentencing, a

7

Case 5:10-cr-00205-FL   Document 118   Filed 01/09/14   Page 7 of 20

petitioner must show a reasonable probability that he would have received a more lenient sentence but for counsel's errors. *See Glover v. United States*, 531 U.S. 198, 202-04 (2001); *United States v. Russell*, 34 F. App'x 927, 928 (4th Cir. 2002) (unpublished). Finally, to overcome the presumption of effective assistance of appellate counsel, a petitioner must demonstrate that appellate counsel ignored issues on appeal that were clearly stronger than those presented. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000).

With these legal precepts in mind, the undersigned considers the instant petition.

### III. ANALYSIS

**A. Bui's Appeal Waiver Was Knowing and Voluntary, as the Fourth Circuit held.**

In his original motion, Bui argues that the court erred by sentencing him to a five-year, rather than three-year, term of supervised release. DE-107. He argues that the provision in the plea agreement listing the three-year maximum was binding on the court,[8] citing *Freeman v. United States*, 131 S. Ct. 2685 (2011), and that any change in the listed maximum "affects the meaning of voluntary." *Id.* at 1-3. In his amended response to the government's motion to dismiss, Bui asserts that *United States v. Davis*, 689 F.3d 349 (4th Cir. 2012), decided twelve days after his conviction was affirmed, should control resolution of his case. DE-114. For the reasons discussed below, Bui's arguments regarding the validity of his supervised release term and the effect of *Davis* are not persuasive, and this portion of his motion to correct should be denied.

By virtue of the plea agreement he entered, Bui has waived the right to challenge his sentence on any grounds other than "ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." DE-19 at ¶ 2(c). The Fourth Circuit has held that a defendant can, through a plea agreement, waive his

---

[8] Notably, Bui testified at his arraignment that he understood that the sentencing judge was not bound by the plea agreement. DE-94 at 20.

appellate rights, as well as the right to collaterally attack his conviction. *See, e.g.*, *United States v. Poindexter*, 492 F.3d 263, 267-68 (4th Cir. 2007); *Lemaster*, 403 F.2d at 220. These waivers are valid and enforceable so long as they are knowing and voluntary. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005). Here, the Fourth Circuit reviewed the record on direct appeal and specifically found that Bui knowingly and intelligently entered into the plea agreement and waived his right to appeal, despite the incorrect statements in the plea agreement and during the plea colloquy regarding the maximum term of supervised release. *Bui*, 479 F. App'x 545, 2012 WL 2856056. The Fourth Circuit also rejected the precise Rule 11 arguments that Bui reiterates here. *Id.* Accordingly, the government contends that Bui's original § 2255 argument is foreclosed by both his appeal waiver and the Fourth Circuit's decision on direct appeal. But because the matter Bui seeks to relitigate here concerns voluntariness of his appeal waiver in light of a subsequent Fourth Circuit decision, additional discussion is warranted beyond reflexive application of the waiver.

        **1. Petitioner cannot relitigate the issue of alleged Rule 11 violations and their effect on the voluntariness of his plea.**

The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court." *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993). Issues previously decided on direct appeal cannot be recast in the form of a § 2255 motion in the absence of a favorable, intervening change in the law. *Davis v. United States*, 417 U.S. 333, 342 (1974); *United States v. Walker*, 299 F. App'x 273, 276 (4th Cir. 2008) ("Absent a change in the law, a prisoner cannot relitigate in collateral proceedings an issue rejected on direct appeal."); *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255."). In contending that the later-decided *Davis*, 689 F.3d 349, should control

9

his case, DE-114, Bui essentially argues that it constitutes an intervening change in law. For its part, the government contends that Bui has waived his right to raise this issue whatsoever. DE-116. This contention falls short. The issue Bui challenges is, at bottom, the voluntariness of his appeal waiver. The holding in *Davis*, decided shortly after Bui's direct appeal, concerns the voluntariness of an appeal waiver where a plea agreement incorrectly understated the statutory maximum punishment. *Id.* at 351. Thus, if *Davis* did constitute an intervening change in law, it would impact the issue—previously decided by the Fourth Circuit—of whether Bui's appeal waiver was, in fact, voluntary and enforceable. *See id.* Accordingly, this Court must first assess whether *Davis* is a "change in the law," *Walker*, 299 F. App'x at 276, thereby allowing Bui to re-assert his voluntariness arguments here, despite the Fourth Circuit's adverse holding in his direct appeal.

In *Davis*, the defendant pleaded guilty to possession of a firearm by a convicted felon, and received a fifteen-year mandatory sentence under the Armed Career Criminal Act. 689 F.3d at 351. The plea agreement mistakenly stated that the defendant faced a maximum ten-year sentence, and the judge presiding at defendant's plea colloquy likewise advised defendant that he faced a ten-year maximum.[9] *Id.* Because of this misunderstanding, the defendant requested that the Fourth Circuit order that his fifteen-year sentence be reduced to ten years imprisonment, as contemplated by his plea agreement. *Id.* The panel held that "[u]nder th[o]se circumstances," they were "unable to conclude that Davis knowingly and intelligently waived the right to appeal

---

[9] In *Davis*, the judge conducting the plea colloquy specifically asked: "And do you understand that on the individual, one-count information, you cannot in any event receive a greater sentence than the [ten-year] statutory maximum that I have just explained to you?" *Id.* at 352.

10

his fifteen-year sentence."[10] *Id.* As such, the panel declined to enforce the defendant's appeal waiver, and considered—though ultimately rejected—his claims. *Id.*

While the undersigned agrees that Bui's case and that of *Davis* bear some similarities, it does not follow that *Davis* constituted a "change" in the law. *Cf. United States v. Bell*, 988 F.2d 247, 251 n. 3 ("It is true that ... a case dealing with a [relevant issue] postdated Bell's first appeal. As appellant concedes, however, [that case] was no bolt from the blue."). Critical to the Fourth Circuit's holding in *Davis* was the principle that the validity of an appeal waiver "ultimately is evaluated by reference to the totality of the circumstances." *Id.* at 355 (citing *Blick*, 408 F.3d at 169). "Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Blick*, 408 F.3d at 169 (internal quotation marks omitted) (citing *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992)). Thus, *Davis* did not purport to work a sea change in the law of appeal waivers, or to hold that a misstatement in the plea agreement would in all cases render a defendant's waiver involuntary. And considering the relative differential between a five-year addition to an active sentence and an additional two years of supervision, the undersigned cannot conclude that *Davis* would have changed the result in Bui's appeal. *See also United States v. Mackins*, 282 F. App'x 249, 252 (4th Cir. 2008) (holding that district court erred in finding that reduction of sentence was warranted due to subsequent Fourth Circuit opinion changed circuit's analysis, because subsequent opinion did not dictate an application of law different from that in habeas petitioner's direct appeal).

In addition, a critical distinction between the relief afforded in *Davis* and the current case is that *Davis* was remedied upon direct appeal, not collateral appeal. Thus, even if *Davis* had

---

[10] The panel likewise held that the government did not breach the plea agreement by failing to set forward the proper statutory maximum. *Id.*

constituted a change in the law,[11] the Supreme Court has held that a defendant is not entitled to collateral relief from a conviction merely because Rule 11 may have been violated when his plea was accepted, particularly where a defendant does not argue that he would not have pleaded guilty if he had been properly advised. *United States v. Timmreck*, 441 U.S. 780, 784-85 (1979) (discussing court's failure to advise defendant regarding mandatory special parole term). Collateral relief is available only for errors of law that represent "a fundamental defect which inherently results in a complete miscarriage of justice" in "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Davis v. United States*, 417 U.S. 333, 346 (1974); *accord Mikalajunas*, 186 F.3d at 495-96 ("[A] non-constitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice.") (internal quotation and citation omitted). Here, Bui does not credibly argue that he would have refused to plead guilty had he known of the correct potential maximum term of supervised release,[12] and his Rule 11 arguments do not support collateral relief. *See Brown v. United States*, No. 02 Civ. 9305, 2003 WL 22047879, at *2 (S.D.N.Y. Aug. 29, 2003) (where petitioner had argued on direct appeal that his plea was not knowing and voluntary because the trial court failed to inform him that his sentence included supervised release, petitioner could not use that ground to support habeas relief).

---

[11] As an additional note, it is doubtful that *Davis* would apply retroactively. *See United States v. Mathur*, 685 F.3d 396, 397 & 400 (4th Cir. 2012) (applying *Teague v. Lane*, 489 U.S. 288 (1989) and concluding that Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010), which held that the Sixth Amendment right to counsel requires defense lawyers to inform their clients whether a plea agreement carries a risk of deportation, was not retroactively applicable to cases on collateral review, because any violation occurs "only when a defendant has acknowledged guilt and submitted himself to be sentenced accordingly," and therefore does not affect "accuracy in the fact-finding process"). *Teague* retroactivity analysis is nonetheless an ill fit for the present case. While some courts have applied *Teague* in the context of collateral relitigation of claims decided on direct appeal, *see Charles v. United States*, 896 F. Supp. 584, 586 (N.D. W.Va. 1995), Bui's judgment was not "final" within the meaning of that doctrine. *See United States v. Morris*, 429 F.3d 65, 70 (4th Cir. 2005) (a judgment becomes "final" when time expires for filing a *cert* petition).

[12] For instance, in his original response to the government's Motion to Dismiss, Bui simply seeks enforcement of a three-year term of supervised release. DE-113 at 2.

As such, Bui may not relitigate the issue of the voluntariness of his appeal waiver, or the other Rule 11 arguments raised upon direct appeal, and it is RECOMMENDED THAT his initial Section 2255 claim (DE-103) should be dismissed. Because Bui's appeal waiver was knowing and voluntary, he is precluded from raising any arguments on collateral appeal aside from "grounds of ineffective assistance of counsel . . . not known to the [him] at the time of [his] guilty plea." DE-19 at ¶ 2(c). These arguments are considered in turn below.

### B. Ineffective Assistance of Counsel Claims

Bui alleges the following ineffective assistance of counsel claims: first, that his plea counsel was ineffective in failing to challenge a "trash pull"; second, that his sentencing counsel was ineffective for not objecting to the sentencing court's amendment of the plea agreement during sentencing; third, that his appellate counsel was ineffective for not arguing that certain offenses were double counted; and finally, that his appellate counsel was ineffective for not moving for rehearing *en banc* following the Fourth Circuit's July 23, 2012 decision in *United States v. Davis*, 689 F.3d 349, 354 (4th Cir. 2012). DE-115 at 2-3. For the reasons discussed below, Bui fails to state any claim upon which relief may be granted.

#### 1. Plea counsel was not ineffective in failing to file a motion to suppress.

Bui argues that his plea counsel was ineffective in recommending a plea without "addressing" the fact that, according to Bui, no search warrant was issued for a "trash pull" performed at his home. DE-115 at 3. As the Fourth Circuit has already held, Bui's plea waiver was knowing and voluntary. As discussed above, an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty.[13] *Tollett* at 266-67 (holding that "while claims of

---

[13] For this reason, Bui's contention that his appellate counsel was ineffective in "not reviewing" the trash pull issue must also fail. *See* DE-115 at 3. Raising this issue upon direct appeal would have been futile, and Bui cannot

13

prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not themselves independent grounds for federal collateral relief"). Nonetheless, "a guilty plea does not bar collateral review of allegations of ineffective assistance of counsel in so far as the alleged ineffectiveness bears on the voluntariness of the guilty plea." *Fields v. Attorney Gen. of State of Md.*, 956 F.2d 1290, 1296 (4th Cir. 1992).[14]

Bui has not here met his burden to demonstrate that his plea counsel's failure to seek suppression of any evidence prior to entering into a plea agreement fell below an objective standard of reasonableness, nor that it had any impact whatever on the voluntariness of his plea. "Courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, in order to avoid the distorting effects of hindsight." *Strickland*, 466 U.S. at 689; *accord Merzbacher v. Shearin*, 706 F.3d 356, 365 (4th Cir. 2013). "The law does not require counsel to raise every available nonfrivolous defense," *Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009), and whether to file a pre-trial motion is precisely the type of strategic decision a court should not second guess. *See Higgs v. United States*, 711 F. Supp. 2d 479, 515 (D. Md. 2010) (citing *Byram v. Ozmint*, 339 F.3d 203, 209 (4th Cir. 2003); *cf. Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998) (discussing fact that decisions regarding which pre-trial motions to file is a tactical decision within the attorney's, not the client's, discretion).

---

plausibly show prejudice. *Strickland*, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice."). In addition, as discussed above, Bui's valid appellate waiver would have barred litigation of this issue on direct appeal, and likewise, Bui's appellate counsel could not on direct appeal have argued that Bui's plea counsel was ineffective. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997) (claims of ineffective assistance of counsel are generally not cognizable on direct appeal).

[14] At the arraignment hearing, Bui stated, *inter alia*, that he had discussed his case with his attorney, that she had answered all of his questions, and that he was satisfied with her representation. DE-94 at 12

Moreover, hindsight judgment of counsel's performance in securing early resolution of a case should be viewed with additional caution. As the Supreme Court recently recognized:

> There are certain differences between inadequate assistance of counsel claims in cases where there was a full trial on the merits and those, like this one, where a plea was entered even before the prosecution decided upon all of the charges.… Hindsight and second guesses are also inappropriate, and often more so, where a plea has been entered without a full trial or, as in this case, even before the prosecution decided on the charges. The added uncertainty that results when there is no extended, formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance. Counsel, too, faced that uncertainty. There is a most substantial burden on the claimant to show ineffective assistance. The plea process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges in cases not only where witnesses and evidence have disappeared, but also in cases where witnesses and evidence were not presented in the first place.

*Premo v. Moore*, 131 S. Ct. 733, 745-46 (2011). *Premo* addressed an ineffective assistance of counsel claim brought by a petitioner who alleged that his plea counsel should have sought suppression of a confession, and emphasized that "[a] defendant who accepts a plea bargain on counsel's advice does not necessarily suffer prejudice when his counsel fails to seek suppression of evidence, even if it would be reversible error for the court to admit that evidence." *Id.* at 744. The same concerns expressed in *Premo* resonate in Petitioner's case. The government mailed Bui a target letter in December of 2009 (DE-1). Negotiations plainly persisted apace thereafter, as the original plea agreement and the criminal information were both entered on the docket on June 24, 2010 (DEs-5& 9). Accordingly, the plea was entered early in the case, before formal scheduling of discovery and other pretrial matters, and Bui—like the government—benefited from the certainty of this prompt resolution. *See, e.g.*, *Huddleston v. United States*, No. 3:11-cv-403, 2012 WL 5949469 (S.D. W.Va. Aug. 29, 2012) (because defendant "made an intelligent

decision about whether or not to fight the charges against him… his *post facto* contention that counsel should have pursued the suppression motion is frivolous").

In sum, Bui cannot meet his "most substantial burden" to show that plea counsel's failure to move to suppress evidence either fell below an objective standard of reasonableness or affected the voluntariness of Bui's plea. Accordingly, it is RECOMMENDED that Bui's motion to correct be DENIED as to this claim, and that the government's motion to dismiss be GRANTED. *See Smith v. US*, 5:07-cr-11-D, 2013 WL 2629874 (E.D.N.C. Jun. 11, 2013) (failure to file motion to suppress pre-plea does not constitute ineffective assistance of counsel).

### 2. Sentencing counsel was not ineffective in failing to object to the Court's imposition of a five-year term of supervised release.

As additional grounds for ineffective assistance of counsel, Bui reprises his initial Section 2255 claim: that the sentencing court erred in imposing a five-year term of supervised release rather than a three-year term of supervised release. DE-115 at 5. To fit this argument into the guise of a claim outside the scope of his appeal waiver, however, Bui alleges that his sentencing counsel was ineffective in failing to object to the five-year term. *Id.* This claim fails, because a petitioner may not circumvent an adverse ruling on direct appeal by recasting it as an ineffective assistance of counsel claim. *Yanez-Hernandez v. United States*, No. 7:08-cr-106, 2013 WL 2629779 (E.D.N.C. June 11, 2013) (citing *Withrow v. Williams*, 507 U.S. 680, 720-21 (1993) (Scalia, J., concurring)); *see also Boeckenhaupt*, 537 F.2d 1183 (a defendant may not "recast under the guise of a collateral attack, questions fully considered by this court [on direct appeal]"); *Dowdell v. United States*, 859 F. Supp. 2d 176, 179 (D. Mass. 2012) ("It is settled law that a petitioner may not revive claims already decided on direct appeal by cloaking them in 'ineffective assistance of counsel' garb in a § 2255 petition."). Accordingly, it is

16

RECOMMENDED that Bui's motion to correct be DENIED as to this claim, and that the government's motion to dismiss be GRANTED.

### 3. Appellate Counsel was not ineffective in failing to seek rehearing *en banc*.

In a similar vein, Bui argues that his appellate counsel was ineffective in failing to seek *en banc* rehearing of his direct appeal, in light of the subsequent *Davis* decision. DE-115 at 3, 5; *see* 689 F.3d 349. This failure does not support an ineffective assistance of counsel claim. Although a defendant is entitled to counsel on the first appeal as of right, *Evitts v. Lucey*, 469 U.S. 387, 396 (1985), he does not have a constitutional right to counsel—effective or otherwise—in pursuing discretionary review of a conviction. *Wainwright v. Torna*, 455 U.S. 586, 587 (1982) (discussing state court discretionary appeal). "[W]here no Sixth Amendment right to counsel attaches to the proceeding, an ineffective assistance claim cannot be sustained." *United States v. MacDonald*, 966 F.2d 854, 859 n. 9 (4th Cir.1992). A petition for rehearing, or rehearing *en banc*, is discretionary, and therefore, Bui has no plausible ineffective assistance of counsel claim due to counsel's purported refusal to seek *en banc* rehearing. *Smith v. United States*, No. 7:07-cr-101, 2013 WL 1962311, at *3 (E.D.N.C. May 10, 2013) (citing *White v. United States*, No. 7:08-cr-54, 2013 WL 1497579, at *3 (W.D. Va. Apr. 11, 2013)).

Moreover, Bui could not plausibly show either prejudice or unreasonable performance here. As to performance, Fed. R. App. P. 40 requires that petitions for rehearing, including a rehearing *en banc*, *see id.* Rule 35(c), be filed within fourteen days of entry of judgment. The *Davis* opinion, 689 F.3d 349, was issued on July 23, 2012, twelve days after the entry of judgment in Bui's case. Counsel cannot be faulted for failure to review, analyze, and brief the issues presented in *Davis* in such an abbreviated time frame. "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Premo*, 131 S. Ct. at 740

17

(quoting *Strickland*, 466 U.S. at 690). As to prejudice, Fourth Circuit Local Rule 40(a) specifies that "few" petitions for rehearing are granted: counsel must represent, among other reasons, either that a change in the law occurred after the case was submitted or that the opinion is in conflict with another appellate case. *See* Fourth Circuit Local Rule 40(b). As discussed above, *Davis* did not constitute a change in the law, nor is it inconsistent with the panel's decision in *Bui*'s direct appeal. As such, Bui cannot possibly demonstrate that any request for rehearing would have been granted. Accordingly, it is RECOMMENDED that Bui's motion to correct be DENIED as to this claim, and that the government's motion to dismiss be GRANTED.

### 4. Appellate Counsel was not ineffective in failing to contest a "double-counted" conviction in Bui's criminal history.

Finally, Bui argues that his appellate counsel, despite Bui's "consistent urging," declined to address the fact that Bui's criminal history score included points for both federal and state convictions of the same conduct. DE-115 at 5. As an initial matter, given that Bui's valid appellate waiver would have precluded this argument, counsel's failure to raise it would have been futile and Bui cannot demonstrate prejudice. *See Bui*, 479 F. App'x 545, 2012 WL 2856056 ("to the extent [Bui] question[s] the reasonableness of [his] sentence[] on appeal, those challenges fall squarely within the scope of [his] waiver[] of appellate rights"). Moreover, counsel is not required to raise on appeal every non-frivolous issue that a defendant requests. *Jones v. Barnes*, 463 U.S. 745, 754 & n. 7 (1983); *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000). It is within the scope of reasonable professional judgment to "select from among [nonfrivolous claims] in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (opining that "it is difficult to demonstrate that counsel was incompetent" in failing to raise a particular appellate claim); *cf. United States v. Terry*, 366 F.3d

18

312, 318 (4th Cir. 2004) (in context of trial counsel, recognizing that a weak argument may not only be unsuccessful but also could detract from stronger arguments).

Here, Bui cannot overcome the presumption of effective assistance. *See Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome"). As both the court and sentencing counsel recognized, there was no guidelines error[15] in the court's application of U.S.S.G. § 4A1.2(a)(2): sentencing counsel merely requested a discretionary downward departure, arguing that the application overstated Bui's criminal history. *Cf. United States v. Burke*, 523 F. App'x 256, 257 (4th Cir. 2013) (unpublished) (citing *United States v. Rooks*, 596 F.3d 204, 212-13 (4th Cir. 2010)) ("In the absence of an intervening arrest, 'prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.' [§ 4A1.2(a)]. Accordingly, where a defendant… has been sentenced on different days for federal and state crimes charged in separate indictments, those convictions are properly counted as separate sentences.").

In sum, Bui can demonstrate neither prejudice nor ineffective performance, and his claim as to this grounds of ineffective assistance fails. *Strickland*, 466 U.S. 694 (petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). It is therefore RECOMMENDED that Bui's motion to correct be DENIED as to this claim, and that the government's motion to dismiss be GRANTED.

---

[15] To extent Petitioner argues double counting was guideline error, "Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding," *United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999).

## IV. CONCLUSION

For the reasons stated herein, the motion to correct (DE-103), as amended (DE-115), fails to state a claim upon which relief may be granted. As such, the undersigned recommends that the motion to correct (DE-103) be DENIED and the government's motion to dismiss (DE-108) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, January 9, 2014.

*[signature]*
_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE